**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JIMMIE LEE LAZENBERRY,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:13-cv-303-Orl-18KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY, GAGLIONE DUMAS,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)**
>
> **FILED:**      **March 11, 2013**

**I.   BACKGROUND.**

On February 19, 2013, Plaintiff, Jimmie Lee Lazenberry ("Lazenberry"), filed a document, which the Court construed as a complaint. Doc. No. 1. This document named two parties as defendants – "Social Security Administrative Office" and "Gaglione Dumas." Lazenberry did not file a motion to proceed *in forma pauperis*, but, because Lazenberry did not pay the required filing fee, the Court also construed his filing as a motion to proceed *in forma pauperis*. On February 26, 2013, I issued a Report and Recommendation, recommending that Lazenberry's complaint be

dismissed without prejudice and that he be given leave to file an amended complaint. My Report and Recommendation included specific instructions regarding the content of any amended complaint, including – as is relevant here – a direction that any amended complaint must clearly describe how each named Defendant was involved in the alleged legal violations. I also recommended that Lazenberry's motion to proceed *in forma pauperis* be denied without prejudice to refiling it with any amended complaint. Finally, I directed Lazenberry to file an amended complaint with the appropriate division of this Court, noting that it appeared that the Jacksonville Division might be the more appropriate venue for Lazenberry's suit and recommending that the case be transferred to the Jacksonville Division, absent some indication in the amended complaint that the case is appropriately filed in Orlando. Doc. No. 4.

On March 11, 2013 – before the Court could rule on my Report and Recommendation – Lazenberry filed a document that the Court construes as an amended complaint and an Affidavit of Indigency, which the Court construes as an amended motion to proceed *in forma pauperis*. Doc. Nos. 5-6. The amended complaint does not specifically name any Defendants, but the caption of the Affidavit of Indigency lists the Social Security Administrative Office and Gaglione Dumas, Attorney at Law, as Defendants. Doc. No. 6. On March 13, 2013, the Court vacated my Report and Recommendation, indicating that the Court would proceed with the Amended Complaint. Accordingly, Lazenberry's amended motion to proceed *in forma pauperis* is now ripe for decision.

**II.  APPLICABLE LAW.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.   ANALYSIS.**

   *A.   Allegations of the Amended Complaint.*

In the amended complaint, Lazenberry alleges that he has suffered several injuries and that he has applied to receive Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits from the Social Security Administration ("SSA").  He alleges that the SSA denied his application for benefits.  After that denial, Lazenberry alleges, his attorney sent him a letter explaining that the next step was for Lazenberry to file an individual lawsuit.  Lazenberry alleges that he filed a lawsuit, but he filed it with the wrong court and the time period within which to file the lawsuit ran out.  He asks that the Court grant him additional time to file his lawsuit because he is disabled and has an illness that does not allow him to understand the importance of information.  Lazenberry also alleges that he disagrees with the SSA's decision, that

the SSA's decision to deny him benefits was not fair, and that he requested to file a lawsuit.[1] Lazenberry does not include any allegations that relate to Gaglione Dumas. Doc. No. 5.

     *B.     Claims Against Gaglione Dumas.*

With respect to Gaglione Dumas, Lazenberry has failed to include any allegations regarding what (if anything) Gaglione Dumas did to harm him, despite the instruction of my Report and Recommendation to "clearly describe <u>how each named Defendant</u> is involved in the alleged legal violations in a section entitled 'Statement of Facts.'" Doc. No. 4 at 3. Thus, Lazenberry's amended complaint fails to contain specific factual information regarding the actions of Gaglione Dumas to bring his claims "across the line from conceivable to plausible," as is required to state a claim on which relief can be granted. *Twombly*, 550 U.S. at 570. Accordingly, Lazenberry's claims against Gaglione Dumas are due to be dismissed.

In addition, Lazenberry's claims against Gaglione Dumas may be frivolous. The sole basis for relief discussed in Lazenberry's amended complaint is his claim that he has wrongfully been denied SSDI and SSI disability benefits. The SSA is the entity that is responsible for making decisions regarding disability benefits. Lazenberry does not identify Gaglione Dumas explicitly (although it appears that Gaglione Dumas is an attorney or a law firm, *see* Doc. No. 6), but it is apparent that only the Commissioner of Social Security is an appropriate defendant in a suit appealing a decision to deny a claimant SSDI and SSI benefits. Therefore, any claim against

---

[1] The amended complaint also states that the "reason" for this was "Racketee[r] Influenced and Corrupt Organizations of Naturalization Application, Other Immigration Actions, SSID Title XVI Administrative Produc Procedure Act/Review or Appeal of Agency decision." Doc. No. 5 at 2. Despite these potential references to other federal statutes, it is apparent that Lazenberry is appealing the SSA's decision not to award him SSDI and SSI benefits, and I construe the Amended Complaint as seeking relief only under that theory.

Gaglione Dumas for SSDI or SSI benefits would lack an arguable basis in law or fact and be frivolous.[2]

Ordinarily, a *pro se* plaintiff should be given leave to file an amended complaint, but Lazenberry has already been afforded the opportunity to do so and has been provided with specific instructions as to the information that should be included in any amended complaint. Despite this, Lazenberry's amended complaint fails to state a claim against Gaglione Dumas and may, in fact, be frivolous. Under these circumstances, giving Lazenberry leave to file another amended complaint against Gaglione Dumas would be futile.[3]

   *C.    Claims Against Commissioner of Social Security.*[4]

With respect to his claims regarding SSDI and SSI benefits, it appears that Lazenberry is appealing a final decision of the Commissioner of Social Security denying an application for benefits. Construing Lazenberry's *pro se* amended complaint liberally, I recommend that the Court allow Lazenberry to proceed with those claims.[5]

---

[2] To the extent Lazenberry's unidentified claims against Gaglione Dumas do not relate to the denial of his application for SSDI and SSI benefits, those claims would not arise "out of the same transaction, occurrence, or series of transactions or occurrences," as required by Fed. R. Civ. P. 20(a)(2), and, thus, would not be appropriately included in this lawsuit.

[3] If, at a later date, Lazenberry is able to develop facts sufficient to state a non-frivolous claim against Gaglione Dumas, he may file a motion asking the Court to allow him to file another amended complaint and add Gaglione Dumas as a defendant. However, in keeping with Fed. R. Civ. P. 20(a)(2), adding Gaglione Dumas as a defendant would be appropriate only if his claims against Gaglione Dumas arise "out of the same transaction, occurrence, or series of transactions or occurrences" as his claims against the SSA and there is a question of fact or law common to the SSA and Gaglione Dumas that will arise in the action. If these prerequisites are not met, Lazenberry would be required to address his claims against Gaglione Dumas in a separate action.

[4] The proper defendant to a claim for review of the SSA's denial of disability benefits is the Commissioner of Social Security ("Commissioner"). For the remainder of this Report and Recommendation I refer to these claims as being asserted against the Commissioner.

[5] This Report and Recommendation should not be construed as a finding that Lazenberry exhausted his administrative remedies, that his lawsuit is timely filed, that his time for filing a lawsuit should be equitably tolled, or that his claim for benefits is meritorious. The Court must construe Lazenberry's *pro se* amended complaint liberally

  *D.* *Amended Motion to Proceed In Forma Pauperis.*

Having determined that Lazenberry's amended complaint survives scrutiny under § 1915(e)(2)(B) insofar as it alleges claims against the Commissioner, the final issue is whether Lazenberry is, in fact, a pauper. After review of Lazenberry's amended motion to proceed *in forma pauperis* (Doc. No. 6), I recommend that the Court find that Lazenberry is a pauper and entitled to proceed with his claims against the Commissioner as stated in the amended complaint without payment of a filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

  *E.* *Transfer to Jacksonville.*

In my original Report and Recommendation, I noted that Lazenberry lives in Jacksonville and that it appeared that the Jacksonville Division might be the more appropriate venue for Lazenberry's suit. I also recommended that the case be transferred to the Jacksonville Division, absent some indication in the amended complaint that the case is appropriately filed in Orlando. Doc. No. 4. Lazenberry's amended complaint contains no information suggesting that his case is appropriately filed in Orlando. Accordingly, I recommend that the Court transfer this case to the Jacksonville Division in accordance with Local Rule 1.02.

**IV. RECOMMENDATION.**

  Accordingly, I **RESPECTFULLY RECOMMEND** that the Court*:*

  1. **GRANT** in part Lazenberry's amended motion to proceed *in forma pauperis* (Doc. No. 6);

---

and, in the absence of a complete administrative record, I recommend that the Court permit the case against the Commissioner to go forward and address these issues when and if they are raised by the Commissioner.

2. **DISMISS** Lazenberry's claims against Gaglione Dumas without prejudice;

3. **ALLOW** Lazenberry to proceed with his claims against the Commissioner of Social Security for denial of SSDI and SSI benefits as stated in the amended complaint without payment of a filing fee;

4. **DIRECT** the Clerk of Court to mail three summons and three Marshal 285 forms to Lazenberry for completion and return to the Clerk of Court in the Division where his case is pending within fifteen days of mailing;

5. **ADVISE** Lazenberry that one summons and USM 285 form must be directed to the United States Attorney for the Middle District of Florida, one summons and USM 285 form must be directed to the Attorney General of the United States, and one summons and USM 285 form must be directed to the Social Security Administration;

6. **ADVISE** Lazenberry that failure to return the completed summons within the time required by the Court may result in the case being dismissed;

7. **DIRECT** the Clerk of Court to provide the completed service forms to the United States Marshals Service once the completed summonses are returned to the Court;

8. **DIRECT** the United States Marshals Service to serve the completed service forms upon the United States Attorney for the Middle District of Florida, the Attorney General of the United States, and the Social Security Administration without cost to Lazenberry;

9. If the Court adopts this Report and Recommendation, **DIRECT** the Clerk to provide a copy of the Court's Order on this Report and Recommendation to the United States Marshals Service; and

10. **TRANSFER** this case to the Jacksonville Division.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **Mr. Lazenberry may not file another amended complaint in this case unless permitted by the Court.**

Recommended in Orlando, Florida on March 28, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy